In re:
Michael A. Mimoso
Amelie Mimoso
      Debtors

Case No. 20-01242-HWV
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2     Date Rcvd: Aug 04, 2020
                    Form ID: pdf002     Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 06, 2020.
```
db/jdb      +Michael A. Mimoso,   Amelie Mimoso,   512 W. Areba Avenue,   Hershey, PA 17033-1605
5319286     +Keystone Collections Group,   546 Wendel Road,   Irwin, PA 15642-7539
5319289     +Patient First,   PO Box 758941,   Baltimore, MD 21275-8941
5319290     +Penn Credit,   2800 Commerce Drive,   Harrisburg, PA 17110-9307
5319291     +Penn State Health,   PO Box 829725,   Philadelphia, PA 19182-9725
5319292     +Penn State Hershey Medical Center,   c/o Bureau of Account Management,   PO Box 8875,
             Camp Hill, PA 17001-8875
5319293     +Realty Profession Group, LLC,   101 South Lime Street,   Quarryville, PA 17566-1233
5332906     +TFC Credit Corporation,   2010 Crow Canyon Place STE 300,   San Ramon CA 94583-1344
5319295      TFC Tuition Financing,   Attn: Bankruptcy,   2010 Crow Place, Suite 300,   San Ramon, CA 94583
5319297     +UPMC Pinnacle,   PO Box 826813,   Philadelphia, PA 19182-6813
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr          +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Aug 04 2020 20:29:39
             Americredit Financial Services, Inc. Dba GM Financ,   P.O Box 183853,
             Arlington, TX 76096-3853
cr          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 04 2020 20:34:01
             PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5323084      E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Aug 04 2020 20:29:39
             Americredit Financial Services, Inc.,   Dba GM Financial,   P.O Box 183853,
             Arlington, TX 76096
5319280     +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Aug 04 2020 20:29:39
             AmeriCredit/GM Financial,   Attn: Bankruptcy,   Po Box 183853,   Arlington, TX 76096-3853
5319281     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 04 2020 20:33:58      Capital One,
             Attn: Bankruptcy,   PO Box 30285,   Salt Lake City, UT 84130-0285
5327130      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 04 2020 20:33:58
             Capital One Bank (USA), N.A.,   by American InfoSource as agent,   PO Box 71083,
             Charlotte, NC  28272-1083
5319283     +E-mail/Text: ebnnotifications@creditacceptance.com Aug 04 2020 20:29:25      Credit Acceptance,
             25505 West 12 Mile Road,   Suite 3000,   Southfield, MI 48034-8331
5319577     +E-mail/Text: ebnnotifications@creditacceptance.com Aug 04 2020 20:29:25      Credit Acceptance,
             25505 W Twelve Mile Rd,   Ste 3000,   Southfield MI 48034-8331
5319284     +E-mail/Text: convergent@ebn.phinsolutions.com Aug 04 2020 20:30:39      Dish Network,
             c/o Convergent Outsourcing, Inc.,   PO Box 9004,   Renton, WA 98057-9004
5319278      E-mail/Text: sbse.cio.bnc.mail@irs.gov Aug 04 2020 20:29:33      Internal Revenue Service,
             POB 7346,   Philadelphia, PA 19101-7346
5333130      E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 04 2020 20:30:31      Jefferson Capital Systems LLC,
             Po Box 7999,   Saint Cloud Mn 56302-9617
5319282      E-mail/PDF: ais.chase.ebn@americaninfosource.com Aug 04 2020 20:33:56      Chase Mortgage,
             Chase Records Center/Attn: Corr,   Mail Code LA4 5555 700 Kansas Ln,   Monroe, LA 71203
5319822      E-mail/PDF: cbp@onemainfinancial.com Aug 04 2020 20:33:52      ONEMAIN,   P.O. BOX 3251,
             EVANSVILLE, IN 47731-3251
5319288     +E-mail/PDF: cbp@onemainfinancial.com Aug 04 2020 20:33:52      OneMain Financial,
             Attn: Bankruptcy,   PO Box 3251,   Evansville, IN 47731-3251
5319279     +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 04 2020 20:30:10
             Pennsylvania Department of Revenue,   Attn: Bankruptcy Division,   PO Box 280946,
             Harrisburg, PA 17128-0946
5319396     +E-mail/PDF: gecsedi@recoverycorp.com Aug 04 2020 20:35:17      Synchrony Bank,
             c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5319294     +E-mail/PDF: gecsedi@recoverycorp.com Aug 04 2020 20:34:30      Synchrony Bank/ JC Penneys,
             Attn: Bankruptcy,   PO Box 965064,   Orkando, FL 32896-5064
5319296     +E-mail/Text: Bankruptcies@nragroup.com Aug 04 2020 20:30:50      Tristan Radiology Specialists,
             c/o National Recovery Agency,   PO Box 67015,   Harrisburg, PA 17106-7015
                                                                                          TOTAL: 18
```

```
        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5319287      Natalie A. Mimoso,   Removed per entry 16
5319285*     Internal Revenue Service,   PO Box 7346,   Philadelphia, PA 19101-7346
                                                                  TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 06, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 4, 2020 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
          Gary J Imblum    on behalf of Debtor 1 Michael A. Mimoso gary.imblum@imblumlaw.com,
          gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
          ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
          .com
          Gary J Imblum    on behalf of Debtor 2 Amelie  Mimoso gary.imblum@imblumlaw.com,
          gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
          ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
          .com
          United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                            TOTAL: 4

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Michael A. Mimoso**
**Amelie Mimoso**

CHAPTER 13
CASE NO. | 1:20-bk-01242 |

☑ ORIGINAL PLAN
_____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**41,250.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/20 | 01/25 | 750.00 | 0.00 | 750.00 | 41,250.00 |
| 02/25 | 06/25 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $41,250.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B.**      <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

1. The Debtor estimates that the liquidation value of this estate is **$31,282.81**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2.**      **SECURED CLAIMS.**

**A.**      <u>**Pre-Confirmation Distributions.**</u> *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B.**      <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Chase Mortgage | 512 W. Areba Avenue Hershey, PA 17033 | 0072 |
| Credit Acceptance | 2011 Nissan Versa 98,000 miles | 5704 |

**C.**      <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Mortgage | 512 W. Areba Avenue Hershey, PA 17033 | $8,699.56 | $0.00 | $8,699.56 |
| Credit Acceptance | 2011 Nissan Versa 98,000 miles | $0.00 | $0.00 | $0.00 |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E.** **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.** **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $<u>see 9 below</u> per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.** **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $4,054.00 |
| Keystone Collections Group | $433.00 |
| Pennsylvania Department of Revenue | $1,361.00 |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.** **UNSECURED CLAIMS**

3

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☑ closing of case.

7. **DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

4

**9.    NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

**ADDENDUM TO CHAPTER 13 PLAN**

**1A.** If one of the Debtors is not employed at the time of the filing of the Plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the Plan will be made at that time.

**2(C) & 2(D).**   Said amounts are estimated. Debtor will pay the amount as stated in the Proof of Claim unless an objection is filed to the claim, in which case debtor will pay the amount determined by the Court or as agreed to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

**2(E).** Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

**2F.** The collateral being surrendered is being surrendered in full satisfaction of debt.

**3B.** IRS, PA Department of Revenue and local tax claims - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

**3A(2).** Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Dated:                          6 - 26 - 20

_____
Gary J. Imblum
Attorney for Debtor

_____
Michael A. Mimoso
Debtor

_____
Amelie Mimoso
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy